UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID HOLMES, | Case No. 2:24-cv-01468-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| PAMELA OJEDA, et al., | |
| Defendants. | |

Pending before the Court is the Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint filed by Plaintiff. ECF Nos. 1, 1-1. The IFP application is complete and granted below. The Complaint violates Rule 8 of the Federal Rules of Civil Procedure and otherwise fails to provide notice of claims to defendants in a coherent manner such that any one or more of them could respond. For this reason, Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

**I.   Screening Standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is

1

untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination the court takes as true all allegations of material fact stated in the complaint and construes these facts in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Plaintiff's Complaint Is Dismissed Without Prejudice

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought …." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir.1988).

Plaintiff names 24 defendants (17 of whom are identified solely as "DOE NLVPD Call Ticket Officer") in 42 separate counts. Defendants cannot be expected to decipher Plaintiff's pleading and respond to such length and prolixity. *Fritz v. County of Kern*, Case No. CV-F-07-377 OWW/TAG, 2009 WL 382741, at *2 (E.D. Cal. Feb. 13, 2009). Indeed, the Court is empowered to dismiss, without leave to amend, a prolix complaint. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). As explained in *Cafasso*, allowing Plaintiff to proceed with his Complaint would "burden … [Defendants] with the onerous task of combing through [an excessively repetitive complaint] just to prepare an answer that admits or denies … allegations and to determine what claims and allegations must be defended or otherwise litigated." *Id*. "[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996).

In sum, the Complaint fails to offer a short plain statement of claims that are concise and direct. Indeed, Plaintiff's claims appear largely repetitive when they are decipherable. The Court does not know what events are alleged to give rise to what cause of action given that every one of

the 42 claims asserted by Plaintiff is titled as violating the same constitutional amendments and federal statutes. Under these circumstances, the Court exercises its authority to dismiss Plaintiff's Complaint granting leave to amend as stated below.

### III.  Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is granted **one** opportunity to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and the case law discussed above. Plaintiff's amended complaint must state in plain, short, non-repetitive paragraphs what claims he asserts against which defendant. The short plain paragraphs should include the specific facts that support each separate claim raised. Plaintiff is advised not to assert repetitive claims—claims that states the same allegations, under the same theories of law, against the same defendant multiple times. Plaintiff's amended complaint must be **no more than 25 pages long**.

If Plaintiff chooses to file an amended complaint that complies with the terms of this Order, he must do so no later than **September 13, 2024**.

Dated this 13th day of August, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE