UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID HOLMES,<br><br>    Plaintiff,<br><br>v.<br><br>PAMELA OJEDA, et al.,<br><br>    Defendants. | Case No. 2:24-cv-01468-RFB-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff David Holmes's First Amended Complaint ("FAC"). ECF No. 14. The Court reviewed the FAC and finds as follows.

**I.    Screening Standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Allegations of a *pro se* plaintiff are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, even a plaintiff proceeding *pro se* must "allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption

1

1  of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Discussion**

In the FAC, Plaintiff asserts claims for violation of constitutional rights under 42 U.S.C. § 1983 and conspiracy to obstruct justice under § 1985. Plaintiff names Pamela Ojeda, the former chief of the North Las Vegas Police Department ("NLVPD"), Captain George Middlebrook, NVLPD Officers Jason Reusch and Loren Cooley, and NLVPD's Internal Affairs Division ("IAD") as defendants. ECF No 14 at 2. Against Officers Reusch and Cooley, Plaintiff alleges violations of the Fourth Amendment through the excessive use of force during his arrest on January 29, 2020. *Id.* at 3. Against Defendants Ojeda, Middlebrook, and IAD, Plaintiff alleges violations of the Due Process Clause of the Fourteenth Amendment by failing to conduct a thorough investigation into, and withholding evidence related to, the alleged excessive use of force. *Id.* at 3-5.

A.     <u>Excessive Use of Force</u>.

Plaintiff alleges Officers Reusch and Cooley "used excessive force against [him] during the [January 29, 2020] incident with the harm and injuries … suffered while unconscious." *Id.* at 3. Though Plaintiff provides scant details of this incident, the Court notes Plaintiff presently has a separate case proceeding in this District against numerous NLVPD officers in which he asserts various claims arising from the same January 29, 2020 incident, including an excessive use of force

claim against Officers Reusch and Cooley.  ECF No. 65 in *Holmes v. Reusch et al.*, Case No. 2:24-cv-1138-GMN-BNW (the "Excessive Force Case").[1]  Plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  Therefore, to the extent Plaintiff seeks to reassert the same claims that are already proceeding against Reusch and Cooley in the Excessive Force Case, these claims should be dismissed with prejudice.

   B. <u>Failure to Investigate</u>

   Plaintiff alleges Defendants Ojeda, Middlebrook, and IAD violated his Due Process rights by "fail[ing] to ensure a thorough investigation into [Plaintiff's] complaints of excessive force."  ECF No. 14 at 3.  While Plaintiff asserts this claim in terms of due process, it is well established that there is "no constitutionally protected liberty or property interest" that attaches to an internal police investigation.  *Page v. Stanley*, Case No. CV 11-2255 CAS (SS), 2013 U.S. Dist. LEXIS 80698, at *31-32 (C.D. Cal. May 23, 2013); *see also Alston v. Tassone*, Case No. CIV S-11-2078 JAM GGH PS, 2012 WL 2377015, at *5 (E.D. Cal. June 21, 2012) ("[T]he performance of an internal investigation does not 'resemble any traditional conception of property,' does not 'have some ascertainable monetary value,' and has only an indirect and incidental effect on plaintiff.") (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 766-68 (2005)).  For this simple reason, Plaintiff's failure to investigate claim fails as a matter of law.

   C. <u>Withholding of Evidence</u>.

   Plaintiff also alleges Defendants Ojeda, Middlebrook, and IAD violated his Due Process rights by "withholding evidence that was vital to [his] case."  ECF No. 14 at 3.  Though Plaintiff does not specify to which case he is referring, context makes clear that Plaintiff is referring to the parallel matter pending before Judges Navarro and Weksler—the Excessive Force Case.  Indeed, Plaintiff currently has a Motion to Compel production of certain documents and body camera footage pending in that case in which he also seeks sanctions against NLVPD for what he alleges is a "pattern

---

[1] The Excessive Force Case is consolidated with another duplicative complaint filed by Plaintiff against various NLVPD officers.  *See id.* at ECF No. 55.

of withholding critical evidence in bad faith" resulting in Plaintiff being "unable to litigate [his] claims effectively." Excessive Force Case, ECF No. 59 at 4. Thus, Plaintiff appears to be bringing his § 1983 claim against Ojeda and Middlebrook (who are not named as Defendants in the other action) in addition to moving for sanctions against the Defendants in the Excessive Force Case.

Some courts have allowed claims to proceed based on alleged misconduct in a parallel proceeding. *See e.g., Malley-Duff & Associates, Inc. v. Crown Ins. Co.*, 792 F.2d 341 (3rd Cir. 1986) (allowing a § 1985(2) claim for witness intimidation to be severed from, and proceed in parallel with, a separate suit against the same defendants); *Centeno v. City of Carlsbad*, Case No. 3:21-cv-1022-L-DEB, 2021 WL 4974852 (S.D. Cal. Oct. 26, 2021) (civil rights and ADA claims based on conduct during a deposition in a parallel excessive force case against the same defendants) (dismissed on other grounds). However, the Court need not decide whether doing so is proper here because Plaintiff fails to allege a violation of his constitutional rights.

Although it is well established that police officers who withhold exculpatory evidence in a criminal prosecution violate the defendant's due process rights, *Atkins v. Cnty. of Riverside*, 151 Fed.Appx. 501, 507 (9th Cir. 2005), the Due Process Clause is not implicated when, as is the case here, a plaintiff seeks production from the government in a civil case. That is, courts impose the duty to disclose documents on government entities in civil cases only in rare instances (*Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 138 (4th Cir. 2014)) "such as when a person's liberty is at stake." *Brodie v. Dep't of Health & Human Servs.*, 951 F.Supp. 2d 108, 118 (D.D.C. 2013), when the government initiates civil commitment proceedings, or where a private party challenges their detention as enemy combatants. *Faisal Nabin Kashem v. Barr*, 941 F.3d 358, 387 (9th Cir. 2019) (collecting cases).

In the instant matter, however, far from alleging his liberty is at stake, Plaintiff seeks monetary damages from NLVPD for the alleged failure to produce evidence in a separate § 1983 proceeding in which he also seeks monetary damages. These allegations do not rise to the level of a rare instance where Plaintiff's constitutional rights are implicated. The Court therefore recommends this claim be dismissed with prejudice.

   D. <u>Conspiracy to Obstruct Justice under § 1985(2)</u>.

   Plaintiff's § 1985 conspiracy claim also fails as a matter of law. Plaintiff alleges Defendants participated in a "conspiracy to obstruct justice," ECF No. 14 at 4, which the Court liberally construes as attempting to state a claim under § 1985(2). However, an essential element of a § 1985(2) claim is "a conspiracy … to deter a witness by force, intimidation, or threat from attending federal court or testifying freely in a matter there pending." *Rutledge v. Ariz. Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988) (cleaned up). Not only does Plaintiff fail to allege any form of witness intimidation, but a review of the docket in the Excessive Force Case demonstrates there is no basis for such an allegation as no witnesses have been named or called to testify. Because there is no factual basis for Plaintiff to plausibly allege witness intimidation in a case in which no witnesses have been named or called, the Court recommends dismissing this claim without leave to amend in this action. This recommendation is dismissal without prejudice to Plaintiff's ability to assert a new § 1985(2) claim in the Excessive Force Case if there is a factual basis to assert witness intimidation at a later date.

### III. Recommendation

   Accordingly, IT IS HEREBY RECOMMENED that Plaintiff's excessive use of force claim against Defendants Jason Reusch and Loren Cooley be DISMISSED with prejudice.

   IT IS FURTHER RECOMMENDED that Plaintiff's failure to investigate and withholding of evidence claims against Defendants Pamela Ojeda, George Middlebrook, and NLVPD Internal Affairs Division be DIMISSED with prejudice.

   IT IS FURTHER RECOMMENDED that Plaintiff's § 1985(2) claim be DISMISSED without prejudice, but without leave to amend in this matter. Plaintiff should not be precluded from asserting a § 1985(2) claim in the Excessive Force Case at a later date should there be a factual basis to do so.

   Dated this 5th day of June, 2025

                       _____
                        ELAYNA J. YOUCHAH
                        UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).